## MAIN *v.* JARRETT.

### Opinion delivered March 3, 1906.

SALE—SHIPMENT—DELIVERY OF BILL OF LADING.—Where, in an action to recover the purchase price of goods sold and delivered to a carrier to be transported to defendant, the defense was that only a part of the goods was delivered, it was error to instruct the jury that the plaintiffs could not recover unless they furnished defendants a bill of lading showing that the goods were delivered to the carrier, if the non-delivery of the bill of lading was not pleaded as a defense.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

W. F. Main & Company, a partnership doing business at Iowa City, Iowa, sued Jarrett and Womack, a partnership doing business at Cypert, Arkansas, alleging that defendants on or

about September 24, 1902, entered into a contract with appellants for the purchase of a certain amount of jewelry for the stipulated price of $191.60; that the contract was evidenced by a "contract order" which gave an itemized statement of every article purchased and the price of same; that, in addition to the goods mentioned in the regular form of the contract, there was added on the margin a list of "free goods," consisting of 100 drafts, $25 worth of free goods, one five-foot show case and table and ten catalogues; that, upon receipt of said contract appellants complied with all the conditions of same by delivering to the transportation company in Iowa City, Iowa, all the articles provided for in said contract; that the goods were delivered in due time, and were kept by defendants until November 19 following, when defendants delivered them to the express company, to be transported back to plaintiffs, who refused to receive them, and are now suing for the price.

Defendants in their answer admitted that they made a contract with W. F. Main & Company on September 24, 1902, for the purchase of certain articles described in said contract, and that said contract was in writing, the contract price of which said articles amounted in the aggregate to the sum of $191.60, but they denied that the said W. F. Main & Company performed all of their part of said contract. On the contrary, they claimed that the said W. F. Main & Company shipped to these defendants only a part of the articles mentioned in said contract, and, having failed and refused to forward all of said articles by delivering them to the transportation company for transmission to them, these defendants returned to said W. F. Main & Company prepaid all such articles as were shipped to them by said W. F. Main & Company, and therefore owe them nothing. They denied that they owed said W. F. Main & Company the sum of $191.60, or any other sum.

M. H. Taylor testified for plaintiffs: That he was general manager for plaintiffs; that as such general manager he personally supervised the packing of the goods mentioned in the contract, and delivered in person the jewelry to the express company and the "free goods" to the railroad company, f. o. b. cars, Iowa City. That plaintiffs, by their letter of October 17, 1902, advised defendants of the shipment of the goods on October 2, and

added this postcript: "We hand you herein duplicate bill of lading indicating that delivery has been made to you, the property becoming yours from date of delivery to transportation company." That subsequently the express company tendered back the jewelry package, which plaintiffs refused to accept; that plaintiffs had no knowledge of any further disposition of same, and claimed no interest in or control over same, and had never done so since the first delivery to the transportation companies.

W. B. Jarrett, one of the defendants, testified as follows:

That he was one of the defendants in this litigation; that he and his co-defendant were doing a mercantile business at Cypert, Arkansas; that his firm executed the contract of purchase filed as an exhibit in this cause; that all of the articles mentioned in said contract were delivered to him by the railroad company at Marvell, Arkansas, with the exception of the show case; that the show case was necessary for the display and sale of the goods; that on or about November, 1902, he shipped all the goods that he had received back to the plaintiffs, and has since neither seen nor heard anything of them; that the plaintiffs never delivered to his firm any bill of lading for the show case or other property claimed by them to have been shipped by rail; and that he had made demands of the plaintiffs that they should take the matter up with the railroad company and have them trace the show case, but did not know whether or not they did so. That he had received a letter from plaintiffs stating that a bill of lading was enclosed, but none was enclosed in said letter; that he never advised plaintiffs that he had not received same nor made request for duplicate.

Over the plaintiffs' objection, the court instructed the jury as follows:

"1. The jury are instructed that, under the contract in this case, the goods ordered became the property of the defendants as soon as delivered to the transportation company according to contract; but plaintiffs were required to furnish defendants with a proper bill of lading, showing that the goods had been delivered. The plaintiffs, to recover, must show full·compliance with contract. This is a fact that the jury must determine from all the facts and circumstances in the case.

"2. That, unless you find that the plaintiffs in this cause delivered to the defendants a good and valid bill of lading for the goods mentioned in the contract, such a bill of lading as would enable them to maintain an action against the railroad company for the loss or injury of same, you will find for the defendants."

There was a verdict and a judgment for defendants, from which plaintiffs appealed.

*W. G. Dinning,* for appellants.

1. Delivery of the goods to the transportation company according to the terms of the contract was delivery to the defendants. 51 Ark. 133; 44 Ark. 556; 43 Ark. 353; Benjamin on Sales, § 181; 24 Am. & Eng. Enc. of Law, 1071.

2. The non-delivery of the bill of lading was not pleaded. The court's instructions were erroneous.

*John I. Moore,* for appellees.

1. The issue as to nondelivery of the bill of lading was sufficiently raised by the answer.

2. The jury having passed upon the facts, their verdict will not be disturbed, if the evidence is sufficient. 51 Ark. 467. If the judgment is right on the whole record, it will not be reversed. 44 Ark. 556.

BATTLE, J. The trial court erred in instructing the jury. The instructions made the right of plaintiffs to recover to depend upon the delivery by them to the defendants of a bill of lading, when the non-delivery of a bill of lading was not pleaded as a defense. No such issue was joined. The undisputed evidence shows that a bill of lading was sent by mail to the defendants. But they say they never received it, and that they did not inform plaintiffs that they had not received it and made no request for a duplicate. They received all the goods purchased, except a show case, and for that reason refused to pay for the goods. The instructions were, therefore, erroneous.

Reversed and remand for a new trial.